IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>J. NEAL JORGENSEN, DIANE JORGENSEN, and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE JORGENSEN DEFENDANTS' MOTION TO BIFURCATE TRIAL<br><br><br><br>Case No. 2:08-CV-80 TS |

This matter is before the Court on the Motion to Bifurcate the Trial, filed by Defendants J. Neal Jorgensen and Diane Jorgensen (the "Jorgensen Defendants"). The underlying case is a contractual dispute between Plaintiff and the Jorgensen Defendants and Defendant Recreational Lands Unlimited ("RLU") over the inability of Plaintiff to access the Defendants' property to harvest timber. In their Motion, the Jorgensen Defendants argue that Plaintiff's claims against the Jorgensen Defendants should be tried separately from Plaintiff's claims against RLU. Because the question of bifurcation is premature at this point, the Court will deny the Jorgensen Defendants' Motion without prejudice.

1

## I. BACKGROUND

Plaintiff contracted with the Defendants to harvest timber from their property, but was unable to because other property owners denied Plaintiff's request to use a private road in order to access Defendants' properties. Plaintiff now seeks to recover the stumpage deposit paid to the Defendants as per the contract. In response to the Complaint, RLU filed a third-party Complaint against Pine Creek Ranch Property ("Pine Creek"). The Jorgensen Defendants have not asserted a third-party complaint, but have asserted a Counterclaim against Plaintiff. Additionally, the contract executed by Plaintiff and the Jorgensen Defendants differs in some respects from the contract executed by Plaintiff and RLU. Finally, the Jorgensen Defendants argue that they will be raising a failure to mitigate argument in their defense and that RLU will not be making the same argument.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 42(b) allows, but does not require, the Court to order separate trials for separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." The Jorgensen Defendants "acknowledge that the decision to grant [the] motion lies within the sound discretion of the [Court]."[1]

## III. DISCUSSION

The Jorgensen Defendants argue that the existence of two separate contracts, the Jorgensen Defendants' intention to use a failure to mitigate defense, and the existence of third-party complaints and counterclaims make bifurcation appropriate. Specifically, they allege that the testimony likely to be forthcoming from RLU at trial would be significantly different from that which the Jorgensen

---

[1] Docket No. 21 at 4.

Defendants propose to introduce, "which may logically lead to disparate conclusions."[2] Plaintiff argues, in response, that: (1) the Jorgensen Defendants have failed to show that failure to bifurcate would result in inconvenience, prejudice, or that bifurcation would expedite or economize trial; and (2) the Motion to Bifurcate is premature because discovery is ongoing. The Jorgensen Defendants counter the latter assertion by arguing that the Motion was filed on the last day allowed by the Scheduling Order entered in this case.

The Jorgensen Defendants' assertions of prejudice and inconvenience are not insignificant, but they must be balanced against the prejudice and inconvenience to Plaintiff arising from bifurcation. Many of the facts at issue in this case appear to be the same for both claims. Therefore, if the Court were to grant bifurcation, Plaintiff would be required to present evidence and testimony regarding those facts multiple times, thus increasing costs to Plaintiff. The issues of prejudice and inconvenience are not clear, in part because discovery is ongoing, with a current deadline of September 30, 2009. The Court has also set October 22, 2009, as the deadline for dispositive motions.

Upon completion of discovery, the facts of the case will be clearer, and the Court will be in a much better position to make the determinations required by Fed. R. Civ. P. 42(b). The Court finds, therefore, that the Motion to Bifurcate is premature and, in the interest of justice and judicial efficiency, will deny it without prejudice.

---

[2]Docket No. 32 at 3.

## IV. CONCLUSION

It is therefore

ORDERED that the Jorgensen Defendants' Motion to Bifurcate the Trial of Claims Against and Asserted by Defendants Jorgensen (Docket No. 20) is DENIED WITHOUT PREJUDICE. The Jorgensen Defendants may file another Motion to Bifurcate after October 22, 2009, the deadline for filing dispositive motions.

DATED   September 1, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge