IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>Third-Party Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:08-CV-80 TS |

I. INTRODUCTION

Before the Court is Third-Party Defendant Pine Creek Ranch Property Owners

Association's ("Pine Creek") Motion for Summary Judgment.[1] This motion is fully briefed and a

---

[1]Docket No. 99.

1

hearing on this matter was held on October 19, 2010. In its Motion, Pine Creek asserts that Third-Party Plaintiff Recreation Lands Unlimited, Inc.'s ("RLU") intended use of a road which crosses Pine Creek's property to access land owned by RLU is not permitted and inconsistent with the historical use of this road. Specifically, Pine Creek asserts that RLU has failed to establish an easement over its property by express agreement, prescription, or by estoppel and has failed to demonstrate that the road is a public road. Having considered the parties' respective arguments, the Court renders the following decision.

## II. UNDISPUTED FACTS

Sometime in the early 1950s, Bob Draper entered into an agreement with Obed Nelson to harvest timber on property owned by the Nelson family (the "Nelson Property"). To access the Nelson property, Bob Draper received permission from the adjacent landowners, the Coates family, to construct a road at Bob Draper's own expense across the Coates' property (the "Coates Property"). In approximately 1951, Bob Draper constructed a road ("Bob Draper Road") across the Coates Property and shortly thereafter he, and others, began using the road for logging purposes.[2] During the 1970s, 1980s, and 1990s, Bob Draper and others used the road to harvest timber.[3]

---

[2]Docket No. 105, at 2-3.

[3]*Id.* at 3 and Ex. A. 25-26, 32-33.

In 1970, the Nelson family conveyed the Nelson Property to Neil Jorgensen, who then sold part of the land to RLU later that year.[4] Since 1951, ownership of the Coates Property has changed seven times, with Pine Creek most recently acquiring ownership in 1992.[5]

In 2001, RLU entered into a contract with Intermountain Resources, LLC ("IMR") to harvest timber from part of the Nelson Property. Under the contract, IMR was to remove approximately six million board feet of merchantable timber and also transport heavy equipment for the purpose of building roads in new subdivisions and other undeveloped areas. RLU and IMR intended to use the Bob Draper Road to cross the Coates Property (owned by Pine Creek) to access the Nelson Property (owned by RLU). In 2004, however, when an agent of IMR attempted to transport a large bulldozer to the Nelson Property via the Bob Draper Road, Pine Creek objected and refused to allow the parties to use the Bob Draper Road for logging purposes.

In January of 2008, IMR brought suit against RLU and others, for breach of contract and unjust enrichment.[6] In its Answer, RLU brought a Third-Party Complaint against Pine Creek, asserting a right to an easement across the Coates Property.[7] IMR and RLU have since settled IMR's claims and the only remaining claims in this dispute are those found in RLU's Third-Party Complaint. On June 4, 2010, Pine Creek moved for summary judgment on all of RLU's claims.[8]

---

[4]*Id.* at 4.

[5]*Id.* at 23.

[6]*See* Docket No. 2.

[7]*See* Docket No. 34.

[8]*See* Docket No. 99.

III.  DISCUSSION

In its Motion for Summary Judgment, Pine Creek asserts that RLU has failed to establish an easement over its property by express agreement, prescription, or by estoppel and has failed to demonstrate that the Bob Draper Road is a public road.  Moreover, Pine Creek asserts that RLU has failed to mitigate its damages, thereby precluding a finding of damages in RLU's favor.  The Court will now discuss each of these contentions in turn.

A.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[9]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[10]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[11]  In opposing a motion for summary judgment, "[t]he nonmoving party 'may not rest upon the mere allegations or denials of his pleadings' to avoid summary judgment."  Instead, the non-moving party must provide sufficient evidence "such that a reasonable jury could return a verdict for the non-moving party."[12]

---

[9] *See* Fed.R.Civ.P. 56(c).

[10] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[11] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[12] *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).

B.   EXPRESS EASEMENT

Generally, the creation of an express easement must comply with the statute of frauds.[13] As such, "the statute of frauds requires that no interest in real property shall be created otherwise than by a conveyance in writing signed by the party creating the interest."[14] The Utah courts have made clear, however, that an oral agreement to create or transfer an interest in land can be taken out of the statute of frauds if three requirements are met: "(1) that there was such an agreement, (2) that there had been part or full performance, and (3) that there was reliance thereon."[15]

Neither party disputes the fact that RLU lacks an express written easement that satisfies the statute of frauds. The parties do dispute, however, whether RLU nonetheless has an express oral easement. In support of its claim to an express oral easement, RLU directs the Court's attention to the agreement between George Coates and Bob Draper in 1951 and argues that because Bob Draper had an agreement which has been fully performed and relied upon, the easement is now irrevocable.[16] Pine Creek counters that the permission granted to Bob Draper by George Coates was personal to Bob Draper and therefore not assignable or inheritable.[17]

Resolving this dispute hinges on the scope of permission granted to Bob Draper by George Coates. From the undisputed facts presented by the parties, it appears that Bob Draper

---

[13] *See Orton v. Carter*, 970 P.2d 1254, 1259 (Utah 1998).

[14] *Id.* (citing Utah Code Ann. § 25-5-1).

[15] *Id.*

[16] *See* Docket No. 105, at 29-30.

[17] Docket No. 113, at 17.

had an express oral easement across the Coates property. There was an agreement in 1951 between Bob Draper and George Coates, upon which Bob Draper relied to construct a road at his own expense across the Coates Property.

This finding alone, however, does not fully resolve the issue. While the parties do not discuss Bob Draper's easement in these terms, the scope of Bob Draper's easement is easiest understood when compared to the common law doctrines of easement in gross and appurtenant easement. Under Utah law, an appurtenant easement "'inheres in the [grantee's] land, concerns the premises, and pertains to its enjoyment. It is incapable of existence separate from the particular land to which it is annexed.'"[18] In other words, "[a]n appurtenant easement is an easement that benefits a particular tract of land, where there is a dominant estate that receives a benefit and a servient estate that inures a burden."[19] By contrast, "[a]n easement in gross is not tied to any particular piece of land, and 'grants the holder the right to enter and make use of the property of another for a particular purpose.'"[20]

From the parties undisputed facts, Bob Draper owned no property adjacent to or nearby the Coates Property. Thus, permission for him to enter the Coates Property necessarily benefitted him personally, as Bob Draper owned no estate to which an appurtenant easement could benefit. Consequently, Bob Draper's easement could have been nothing more than an easement in gross—which granted him the right to enter the property for a particular purpose.

---

[18]*Johnson v. Higley*, 989 P.2d 61, 67 (Utah Ct. App. 1999).

[19]*Alvey Dev. Corp. v. Mackelprang*, 51 P.3d 45, 49 (Utah Ct. App. 2002).

[20]*Johnson*, 989 P.2d at 67.

Citing to the Utah Supreme Court's decision in *Maw v. Weber Basin Water Conservancy Dist.*,[21] Pine Creek argues that an easement granted to an individual for a specific privilege is not assignable or inheritable.[22] *Maws*, however, concerned a privilege which was "in the nature of a noncommercial easement in gross, which by the very terms of its creation is limited to those persons specified."[23] By contrast, a commercial easement in gross is fully transferable.[24] "An easement in gross is of a commercial character when the use authorized by it results primarily in economic benefit rather than personal satisfaction."[25] Based on the undisputed facts, Bob Draper received permission to enter the Coates Property to harvest timber—an activity that was an economic, rather than personal, benefit to him. Thus, Bob Draper's easement was of a commercial nature and fully transferable.

While Bob Draper's easement was transferable, RLU has presented no evidence that Bob Draper ever assigned his easement to RLU. Instead, RLU rests on the assumption that, because Bob Draper had express permission to construct the road, RLU necessarily had express permission when it used the road. Thus, RLU has failed to connect Bob Draper's commercial in gross easement to itself. Therefore, the Court finds that RLU's claim of an express oral easement

---

[21] 436 P.2d 230 (Utah 1968).

[22] Docket No. 113, at 17.

[23] *Maws*, 436 P.2d at 232.

[24] *Johnson*, 989 P.2d at 67.

[25] *Id.* (internal quotation marks and citation omitted).

7

fails as a matter of law and Pine Creek is entitled to judgment. Consequently, the Court will grant summary judgment in favor of Pine Creek as to RLU's claim of an express easement.

C.   PRESCRIPTIVE EASEMENT

A party is entitled to a prescriptive easement when the party can demonstrate that the "'use of another's land was open, continuous, and adverse under a claim of right for a period of twenty years.'"[26] In moving for summary judgment, Pine Creek asserts that RLU cannot demonstrate its use was adverse to Pine Creek because RLU used the Bob Draper Road with permission. As proof of RLU's permission, Pine Creek notes that when gates where installed across the Bob Draper Road on Pine Creek's property in the mid 1980s, the party to install the gate[27] gave RLU and the other property owners a key to the gate. RLU disputes the significance of this act, asserting it never asked for Pine Creek's permission and the key only acted as an affirmation of RLU's claim of right to use the road it had exercised since 1970.

As made clear by Utah case law, Utah law recognizes a difference between use under consent and use under acquiescence.[28] While use under consent creates a license under which a prescriptive right cannot arise, use under acquiescence can give rise to a prescriptive right.[29] As the Utah Supreme Court explained in *Lunt*:

---

[26]*Orton*, 970 P.2d at 1258 (quoting *Valcarce v. Fitzgerald*, 961 P.2d 301, 311 (Utah 1998)).

[27]The identity of this party is not now before the Court.

[28]*Lunt v. Kitchens*, 260 P.2d 535, 537 (Utah 1953).

[29]*Id.*

8

> The fact that the grantor with knowledge of such use, makes no protest against it is proof of his recognition of a claim of right in the grantee. In other words, it is conclusively presumed from the landowner's acquiescence for the defined period of time in the other's user of his land, he having the right and power to stop such use, that it is a rightful user.[30]

RLU used the Bob Draper road without objection from 1970 to 2004. According to the affidavits and depositions filed in connection with this motion, RLU never sought permission to use this road but assumed it had a right to use the road. RLU's assertion that it never asked permission to use the road raises a genuine issue of material fact as to whether RLU's use was under permission or under acquiescence to a claim of right, which precludes summary judgment. Moreover, while Pine Creek's provision of keys to its gates in the mid 1980s suggest the landowner consented to RLU's usage of the road, RLU's assertion that the provision of a key only affirmed its prior claim of right is one which a reasonable jury could find in RLU's favor. Therefore, Pine Creek has failed to demonstrate it is entitled to summary judgment as a matter of law and the Court will deny summary judgment as to RLU's assertion of a prescriptive easement.

The Court does note, however, that Pine Creek's argument that, even if a prescriptive easement is found in favor of RLU, the easement is "limited by its historic use during the prescriptive period"[31] is well-taken. According to Pine Creek, RLU's proposed use of the Bob Draper Road will greatly exceed prior use by RLU. While factual disputes preclude a ruling in favor of Pine Creek as to the historical use of the Bob Draper Road, Pine Creek will have an

---

[30]*Id.*

[31]*Valcarce*, 961 P.2d at 312.

opportunity to present evidence on this issue at trial and submit the issue to the appropriate fact-finder.

D.     EASEMENT BY ESTOPPEL

As recognized by this Court in *Walker v. 300 S. Main, LLC*,[32] Utah law recognizes a claim for easement by estoppel. As provided in the Restatement (Third) of Property:

> If injustice can be avoided only by establishment of a servitude, the owner or occupier of land is estopped to deny the existence of a servitude burdening the land when: (1) the owner or occupier permitted another to use that land under circumstances in which it was reasonable to foresee that the user would substantially change position believing that the permission would not be revoked, and the user did substantially change position in reasonable reliance on that belief . . . .[33]

Pine Creek contends that RLU has failed to establish that the finding of an easement is the "*only* way to avoid injustice" because an alternate route existed.[34] RLU contends that the alternate route identified by Pine Creek was considered by RLU and IMR, but was ultimately rejected because it was unfeasible. In evaluating RLU's arguments and affidavits filed in connection with these arguments, RLU has raised a genuine issue as to the viability and feasability of this alternate route. Specifically, RLU's filings raise an issue as to the cost of using this alternative route and whether the necessary permission to widen the road could be obtained from property owners along the alternate route.

---

[32] 2008 WL 4862424 (D. Utah Nov. 7, 2008).

[33] Restatment (Third) of Property (Servitudes) § 2.10 (2000).

[34] Docket No 100, at 14 (emphasis in original).

In addition, Pine Creek has not sufficiently demonstrated how RLU has failed to meet the elements of easement by estoppel. RLU entered into a contract with IMR in 2001 on the assumption that IMR could use the Bob Draper Road—which road RLU had used since 1970 without objection. Thus, by entering into a contract in reliance upon the use of the Bob Draper Road, the Court finds that RLU has satisfied the elements of easement by estoppel for purposes of this motion and that Pine Creek has failed to demonstrate why it should not be estopped from denying the existence of such an easement. Therefore, the Court will deny Pine Creek's Motion for Summary Judgment as to RLU's claim of an easement by estoppel.

E.  PUBLIC ROAD

Under Utah law, a road is considered "dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years."[35] Pine Creek summarily argues that RLU cannot establish that the Bob Draper Road was used as a public thoroughfare because there is no evidence that the road was used by the public prior to 1980 and that the gates installed in the mid-1980s precluded uninterrupted use by the public.[36] RLU counters with deposition testimony from members of the public who used the road since it was built until 2004.[37] In addition, RLU provides deposition testimony from people familiar with the road who claim that the gates where never locked prior to 2004.[38] With this proffered

---

[35]Utah Code Ann. § 72-5-104(1).

[36]Docket No. 100, at 16.

[37]Docket No. 105, at 31.

[38]*Id.*

11

testimony, RLU has demonstrated a genuine dispute as to a material issue of fact that must be resolved by the appropriate fact-finder. Therefore, the Court will deny summary judgment as to RLU's claim that the Bob Draper Road has been abandoned to public use.

F.     FAILURE TO MITIGATE

Pine Creek lastly asserts that RLU failed to mitigate its damages throughout this dispute and therefore Pine Creek is entitled to judgment as a matter of law. Generally, the issue of whether a party failed to mitigate damages is a question of fact for the fact-finder. Moreover, as Utah case law demonstrates, summary judgment on the basis that a party failed to mitigate is only appropriate when damages are an essential element to the cause of action.[39] In such a case, the moving party is entitled to judgment as a matter of law because the non-moving party has failed to establish an essential element of the cause of action.[40] In the case presently before the Court, RLU is seeking an establishment of an easement, which requires no showing of damages. Thus, even if Pine Creek successfully demonstrated that RLU failed to mitigate its damages, RLU would still be entitled to a declaration of an easement if RLU prevailed.

Even if summary judgment on the issue of mitigation of damages was appropriate, Pine Creek has not demonstrated how RLU failed to establish *some* damages. Moreover, several issues of material fact, such as whether a viable alternate route exists, preclude summary judgment on this issue. Therefore, the Court will deny Pine Creek's Motion for Summary Judgment as to Pine Creek's claim that RLU failed to mitigate its damages.

---

[39] *See Conder v. Al Williams & Associates*, 739 P.2d 634, 639-40 (Utah Ct. App. 1987).

[40] *See id.*

## IV.  CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Pine Creek's Motion for Summary Judgment (Docket No. 99) is GRANTED as to RLU's claims of an express oral easement and DENIED as to RLU's claims of prescriptive easement, easement by estoppel, abandonment to public use, and Pine Creek's claim that RLU failed to mitigate its damages.

Per the Court's standard practice, it will refer the parties to settlement by separate order.

DATED   October 21, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge