IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>    Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>    Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION IN LIMINE<br><br><br>Case No. 2:08-CV-80 TS |

    Before the Court is Third-Party Plaintiff Recreational Lands Unlimited, Inc.'s ("RLU") Motion in Limine.[1] RLU seeks to exclude testimony of any witness concerning an agreement between RLU and Pine Mountain Ranch Property Owners Association ("Pine Mountain")—a non-party to this action—concerning the use of Pine Mountain's property to access RLU's

---

[1]Docket No. 149.

1

property.[2]  RLU further moves the Court to exclude Neal Jorgensen from testifying as to his intention, opinions, understanding or position as to whether a right of way existed across the Bob Draper Logging Road for the benefit of his property or RLU's property.

    ***1. Agreement between RLU & Pine Mountain.***  RLU argues that evidence of an agreement between RLU and Pine Mountain should be excluded because the evidence is irrelevant under Fed.R.Evid. 401.

    A precondition of admissibility for all evidence is that it must be relevant.[3]  Under Rule 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination fo the action more probable or less probable than it would be without the evidence."[4]  One of the disputes between the parties concerns whether RLU had permission from Pine Mountain to access RLU's property via an alternate route through Pine Mountain's property.  Evidence concerning an agreement between RLU and Pine Mountain concerning this alternate route is certainly relevant to this dispute and therefore admissible.

    RLU further argues that this evidence should be excluded under Fed.R.Evid. 403 because the probative value of the evidence is substantially outweighed by its danger of unfair prejudicial effect.  RLU argues that the Jury, when faced with this evidence, may be confused to think that because RLU entered into an agreement with Pine Mountain to access its property, RLU also needed an agreement with Pine Creek to have legal access across Third-Party Defendant Pine

---

[2] Docket No. 149.

[3] Fed.R.Evid. 402.

[4] *Id.* at 401.

Creek Ranch Property Owners Association's ("Pine Creek") property. The Court finds this concern uncompelling. The probative value of this evidence as to whether their existed a viable alternate route outweighs any danger of unfair prejudice cited by RLU and the evidence is therefore admissible.

RLU lastly seeks for exclusion of this evidence under Fed.R.Evid. 408 because the agreement between RLU and Pine Mountain is the result of compromise and negotiation. Underlying RLU's argument is the assertion that Rule 408 flatly prohibits all evidence of a compromise or negotiation. By its own language, however, the application of Rule 408 is far more limited[5] and not applicable here. Therefore, the evidence is admissible.

**2. *Neal Jorgensen's Testimony.*** RLU also moves the Court to exclude Neal Jorgensen from testifying as to his intention, opinions, understanding or position as to whether a right of way existed across the Bob Draper Logging Road for the benefit of his property or RLU's property. RLU again argues that this testimony is irrelevant under Rule 401, unfairly prejudicial under Rule 403, and inadmissable under Rule 408. Again, the Court finds these arguments fail. Neal Jorgensen's testimony is relevant as to several central issues in this dispute, including the historical use of the Bob Draper Road. His testimony on these issues outweighs any danger of unfair prejudice to RLU. Further, the subject matter of his testimony does not fall within the purview of Rule 408.

---

[5]Fed.R.Evid. 408. Rule 408(a) expressly limits its applications to situations where evidence of compromise or offer to compromise is "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Rule 408(b) further states that "[t]his rule does not require exclusion of the evidence if offered for purposes not prohibited subdivision (a)."

RLU's final argument is that Neal Jorgensen's testimony is inadmissible because he will be giving inadmissible opinion testimony without being qualified as an expert witness. Under Rule 701, however, a lay witness can give testimony in the form of opinions or inferences when the testimony is: "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ."[6] Pursuant to Rule 701, Neal Jorgensen is competent to testify as a lay witness concerning his personal experiences as a property owner on the Bob Draper Road and other related experiences. This testimony will not be based on any scientific, technical or other specialized knowledge, but rather his own observations and perceptions. Therefore, his testimony is admissible.

It is therefore

ORDERED that RLU's Motion in Limine (Docket No. 149) is DENIED.

DATED   January 5, 2011.

                                  BY THE COURT:

                                  _____
                                  TED STEWART
                                  United States District Judge

---

[6]Fed.R.Evid. 701.