IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>    Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>    Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY<br><br><br><br>Case No. 2:08-CV-80 TS |

    Before the Court is Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") Motion in Limine to exclude Recreational Lands Unlimited's ("RLU") use of deposition testimony at trial.[1] Pine Creek argues that RLU has failed to carry its

---

[1]Docket No. 153.

1

burden of proving that the deposition testimony is admissible under Fed.R.Civ.P. 32(a)(4)(A)-(E).

In response, RLU informs the Court that it intends to use the depositions of Marvin McDougal, Barry Draper, and Chris Meyers at trial and explains why the use of these depositions is permissible under the Federal Rules. Specifically, RLU informs the Court that Marvin McDougal is now deceased and Barry Draper and Chris Meyers are presently living more than 100 miles from the courthouse and are unable to attend the trial. The Court finds that RLU has satisfied its burden under Fed.R.Civ.P. 42(a)(4)(A)-(E) and will allow the deposition testimony to be used in lieu of live testimony.

The Court further finds it appropriate to instruct the parties on how to proceed with future objections to deposition testimony. If the parties have not already done so, the parties are instructed to provide each other copies of the portions of deposition testimony they intend to use at trial. The parties are thereafter instructed to meet and confer in good faith to resolve any and all objections and to jointly designate which portions of the deposition are to be used at trial. The parties shall further come to agreement on which party will read-in the deposition testimony to the jury or, if applicable, present the portions of the deposition testimony taken by video to the jury.

If the parties are not able to agree upon the admissibility of a specific portion of deposition testimony, the objecting party must file, within 24 hours of the use of such testimony,

written notice of its objection and specifically identify by page and line number the objected-to language.[2]

It is therefore

ORDERED that Pine Creek's Motion to Exclude Deposition Testimony (Docket No. 153) is DENIED.

DATED   January 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] In the past, the Court has found it helpful for the objecting party to file as an exhibit a transcript of the relevant deposition with the objected-to language highlighted by counsel.