IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE JARED NICHOLSON<br><br><br><br><br><br>Case No. 2:08-CV-80 TS |

Before the Court is Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") Motion in Limine to exclude the testimony of Jared Nicholson.[1] Pine Creek argues that such testimony should be excluded because Third-Party Plaintiff Recreational Lands Unlimited ("RLU") disclosed that it may call Jared Nicholson after the

---
[1]Docket No. 155.

1

deadline for disclosing witnesses pretrial had passed. Under Fed.R.Civ.P. 26(a)(3)(B), pretrial disclosures must be made at least thirty days before trial. Pretrial disclosures in this case should have been made no later than December 10, 2010. RLU disclosed this potential witness in its Amendment to Amended Pre-Trial Disclosures on December 15, 2010, five days late.[2]

Under Fed.R.Civ.P. 37(c)(1), if a party fails to identify a witness as required under Rule 26(a), the party is not allowed to use that witness at trial unless the failure was substantially justified or is harmless.

In reviewing Pine Creek's motion, the Court finds RLU's failure to timely identify this witness to be harmless. Pine Creek has not demonstrated how the five day tardiness by RLU has harmed or prejudiced it in preparing for these proceedings. Moreover, while Pine Creek complains that it has not had the opportunity to depose this witness because of RLU's untimeliness, Pine Creek makes no accounting for the fact that it was informed by letter from Pine Creek's counsel of Mr. Nicholson's identity on November 2, 2010 as a potential witness for this trial.[3] Pine Creek has had, and still has, an opportunity to depose Mr. Nicholson pretrial if they so wish. On these findings, the Court finds the untimeliness of RLU to be harmless and will allow Mr. Nicholson to testify.

It is therefore

ORDERED that RLU's Motion in Limine (Docket No. 155) is DENIED.

DATED January 6, 2011.

---

[2]Docket No. 144.

[3]*See* Mem. in Opp., Ex. A.

BY THE COURT:

_____
TED STEWART
United States District Judge