IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>    Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>    Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE LENARD STULL'S EXPERT TESTIMONY<br><br><br><br>Case No. 2:08-CV-80 TS |

    Before the Court is Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") Motion in Limine to exclude the testimony of Lenard Stull.[1] At the outset, the Court notes that the Motion is over length per the page limitations set forth in this

---

[1] Docket No. 159.

1

Court's trial order and could be denied on those grounds alone. However, the Court finds that the Motion also fails on its merits and issues the following decision.

Pine Creek argues that Lenard Stull's expert testimony should be excluded because he is not qualified to testify. Citing the seminal *Daubert v. Merrel Dow Pharmaceuticals, Inc.*,[2] Pine Creek argues that Mr. Stull cannot testify as an expert because he lacks the requisite educational background and he fails to root his conclusions in a recognized scientific methodology or formula.

In response, Third-Party Plaintiff Recreational Lands Unlimited ("RLU") notes that Mr. Stull's 35 years of "knowledge, skill, experience, [and] training" as a forester qualify him as an expert under Fed.R.Evid. 702. The Court agrees and finds that Mr. Stull's proposed testimony is both reliable and relevant to these proceedings. The identified challenges to Mr. Stull's qualifications can more appropriately be addressed at trial through aggressive cross-examination.

It is therefore

ORDERED that Pine Creek's Motion to Exclude Lenard Stull's Expert Testimony (Docket No. 159) is DENIED.

DATED   January 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] 509 U.S. 579, 589 (1993).