IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE TOM CRISP'S EXPERT TESTIMONY<br><br><br>Case No. 2:08-CV-80 TS |

Before the Court is Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") Motion in Limine to exclude the testimony of Tom Crisp.[1] Pine Creek argues that Mr. Crisp's expert testimony should be excluded because he is not qualified to

---

[1] Docket No. 161.

1

testify. Citing the seminal *Daubert v. Merrel Dow Pharmaceuticals, Inc.*,[2] Pine Creek argues that Mr. Crisp cannot testify as an expert because he lacks the requisite educational background and he fails to root his conclusions in a recognized scientific methodology or formula. Pine Creek further argues that Mr. Crisp's conclusions fall outside of his relevant experience.

In response, Third-Party Plaintiff Recreational Lands Unlimited ("RLU") notes that Mr. Crisp's 50 plus years of "knowledge, skill, experience, [and] training" as a bulldozer operator qualify him as an expert under Fed.R.Evid. 702 and that his conclusions are within his relevant experience. The Court agrees and finds that Mr. Stull's proposed testimony is both reliable and relevant to these proceedings. The identified challenges to Mr. Crisp's qualifications can more appropriately be addressed at trial through aggressive cross-examination.

It is therefore

ORDERED that Pine Creek's Motion to Exclude Tom Crisp's Expert Testimony (Docket No. 161) is DENIED.

DATED   January 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] 509 U.S. 579, 589 (1993).