IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE MARVIN McDOUGAL'S EXPERT TESTIMONY<br><br><br>Case No. 2:08-CV-80 TS |

Before the Court is Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") Motion in Limine to exclude the testimony of Marvin McDougal.[1] At the outset, the Court notes that the Motion is over length per the page limitations set forth in

---

[1]Docket No. 163.

1

this Court's trial order and could be denied on those grounds alone. However, the Court finds that the Motion also fails on its merits and issues the following decision.

Pine Creek argues that Marvin McDougal's expert testimony should be excluded because he is not qualified to testify. In response, Third-Party Plaintiff Recreational Lands Unlimited ("RLU") notes that Mr. McDougal is now deceased and will be unable to testify as to the matters set forth in his expert report. Instead, RLU plans to use Mr. McDougal's deposition testimony as a fact witness. Mr. McDougal had worked on behalf of Intermountain Resources, a party now dismissed from this case, and has personal knowledge of the matters testified therein. The Court finds that this testimony is admissible.

It is therefore

ORDERED that Pine Creek's Motion to Exclude Marvin McDougal's Expert Testimony (Docket No. 163) is DENIED.

DATED January 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge