IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>    Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>    Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE RLU'S SETTLEMENT<br><br><br><br>Case No. 2:08-CV-80 TS |

Before the Court is Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") Motion in Limine to exclude evidence of Recreational Lands Unlimited's ("RLU") settlement with Intermountain Resources, a party previously involved in this litigation.[1] Pine Creek argues that evidence of such settlement is inadmissible under

---

[1]Docket No. 157.

1

Fed.R.Evid. 408. By its express language, Rule 408 has limited application[2] and is not applicable here. Therefore, the evidence is not barred by Rule 408.

Pine Creek further argues that the evidence is inadmissible because the danger of unfair prejudice outweighs its prejudicial effect.[3] The Court finds that the probative value of this evidence outweighs any danger of unfair prejudice and the evidence is therefore admissible.

It is therefore

ORDERED that Pine Creek's Motion to Exclude RLU's Settlement (Docket No. 157) is DENIED.

DATED   January 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Fed.R.Evid. 408. Rule 408(a) expressly limits its applications to situations where evidence of compromise or offer to compromise is "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Rule 408(b) further states that "[t]his rule does not require exclusion of the evidence if offered for purposes not prohibited by subdivision (a)."

[3] *See* Fed.R.Evid. 403.