IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>Defendants,<br><br><br><br>vs.<br><br><br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>Third-Party Defendant. | MEMORANDUM DECISION AND ORDER ON JURY TRIAL AND AFFIRMATIVE DEFENSES ISSUES<br><br><br><br><br><br>Case No. 2:08-CV-80 TS |

The parties have sought clarification from the Court on which issues are to be presented to the jury and whether the affirmative defenses of abandonment and extinguishment by prescription have been waived by Third-Party Defendant's failure to plead these defenses in its Answer. Having considered the parties respective filings, the Court enters the following ruling.

# I. ISSUES FOR THE JURY

## A. CLAIMS OF EASEMENT AND PUBLIC THOROUGHFARE

Third-Party Plaintiff Recreational Lands Unlimited, Inc. ("RLU") seeks a declaration of the existence of a prescriptive easement, easement by estoppel, and public thoroughfare over the portion of the Bob Draper Road that crosses property owned by Third-Party Defendant Pine Creek Ranch Property Owners Association ("Pine Creek"). The parties appear to agree, based upon this Court's prior ruling in *Walker v. 300 S. Main, LLC*,[1] that adjudicating these claims starts with factual determinations by the jury and ends with an equitable determination by the Court. In deciding whether RLU has prevailed on its claims, the determination of whether the factual elements for each of these causes of action have been satisfied is matter for the jury. Once that determination has been made, it is for the Court to decide whether to establish the right of access and determine "all issues regarding relief relating to [the] easements . . . ."[2]

As to the claim of prescriptive easement, should the jury find that the factual elements of a prescriptive easement have been met, it will be for the Court to decide whether RLU's contemplated use of the prescriptive easement is within the scope of that easement.[3]

## B. CLAIM FOR DAMAGES & DEFENSES

Pine Creek argues that the issue of damages and Pine Creek's defenses are questions of relief and, therefore, are a matter for the Court. As RLU correctly points out, however, *Walker*

---

[1] 2008 WL 4862424 (D. Utah Nov. 7, 2008).

[2] *Id.* at *1.

[3] *See Valcarce v. Fitzgerald*, 961 P.2d 305 (Utah 1998).

did not involve a claim for damages, only claims for equitable relief in declaring certain easements and right-of-ways. Therefore, the Court finds that the issue of damages and Pine Creek's related equitable defenses will be submitted to the jury.

The Court notes that Pine Creek's defense of waiver is not simply limited to the issue of monetary damages, but also concerns whether RLU waived its right to any alleged easement. The Court finds that the defense involves factual disputes that are more appropriately decided by the jury. Therefore, as this Court did in *Walker*, the Court will submit the issue of waiver to the jury, subject to revisiting the issue at the close of evidence.[4]

In reviewing the parties' respective memoranda on this issue, the Court finds the procedure outlined by RLU to be satisfactory:

> The Court [will] allow the Jury to make the factual findings related to the factual elements required to establish a claim for prescriptive easement, easement by estoppel, and public thoroughfare, as well as to make a determination as to the amount of damages, if any. After the Jury has concluded its role, in the event that the Jury has found in plaintiff's favor, then the Court [will] make an equitable review as to whether to grant the relief requested. In the event that the Jury finds affirmatively on [all the factual elements of] the prescriptive easement claim, then the Court must also determine whether the contemplated use is within the scope of the prescriptive easement. If the Jury finds for RLU and awards damages and the Court declines to establish any easement or right of way, the damage award [will] be vacated.[5]

## II. WAIVER OF DEFENSES

Pine Creek seeks a declaration from the Court that it has not waived the affirmative defenses of abandonment and extinguishment by prescription even though they were not

---

[4]*Walker*, 2008 WL 4862424, at *2.

[5]Docket No. 201, at 3.

expressly stated in its Answer.  Pine Creek argues that although it failed to include these

affirmative defenses in its answer, it should nonetheless be able to assert these defenses because

Tenth Circuit precedent allows a defendant to proceed on an affirmative defense if the defense

have been in issue since inception of the complaint and plaintiff has had notice of such defense

and is thereby not prejudiced.[6]

RLU responds that it had no notice of these defenses and only first learned that such

defenses would be asserted once it received Pine Creek's separately filed jury instructions on

January 3, 2011.  RLU alleges that Pine Creek has not previously made RLU aware of its intent

to raise such defenses and RLU has therefore not prepared to respond to such defenses.

Pine Creek argues that RLU had notice of such defenses because the similarities between

the proposed defenses and the pled defense of waiver and RLU's cause of action for easement by

prescription effectively put RLU on notice of the potential of the use of such defenses.  While the

Court acknowledges that the elements of these claims are similar, the Court finds that the

evidence necessary to prove these claims is quite distinct.  For example, to prevail on a claim of

prescriptive easement, RLU must demonstrate that its "use of another's land was open,

continuous and adverse under a claim of right for a period of 20 years."[7]  To prevail on the

defense of extinguishment by prescription, Pine Creek must demonstrate that there is "adverse

use by the servient estate holder for more than 20 years, without objection by the dominant estate

---

[6]*See Creative Consumers Concept, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009).

[7]*Valcarce*, 961 P.2d at 311.

holder, . . . sufficient to extinguish an easement."[8]  While the elements of these claims are nearly

identical, demonstrating an adverse use by the dominant estate is wholly different than proving or

defending an adverse use by the servient estate.  Thus, to prepare for the one is not the same as

preparing for the other.

The Court finds that RLU would be prejudiced if it had to prepare at this late hour to

defend affirmative defenses of which it had no notice.  Therefore, the Court finds that Pine Creek

has waived the defenses of abandonment and extinguishment by prescription and the Court will

not allow Pine Creek to proceed on these defenses.

SO ORDERED.

DATED   January 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8]*Lunt v. Lance*, 186 P.3d 978, 987 (Utah Ct. App. 2008).