# IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC.,<br><br>Defendants,<br><br>vs.<br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION,<br><br>Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING THIRD-PARTY DEFENDANT'S RULE 50 MOTION<br><br><br>Case No. 2:08-CV-80 TS |

In open court and outside the presence of the Jury, Third-Party Defendant Pine Creek Ranch Property Owners Association ("Pine Creek") moved this Court for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). Upon hearing oral argument on the Motion, the Court took the matter under advisement and now issues the following ruling.

## I. DISCUSSION

Fed. R. Civ. P. 50(a) provides,

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party

on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

Pine Creek moves this Court for an entry of judgment as a matter of law in its favor on Third-Party Plaintiff Recreational Lands Unlimited, Inc.'s ("RLU") claims for a prescriptive easement, easement by estoppel, and abandonment to public thoroughfare. Specifically, Pine Creek argues that Pine Creek is entitled to judgment as a matter of law on: (1) RLU's claim for prescriptive easement because RLU has failed to demonstrate that RLU used the Bob Draper Road adversely for the required 20 year period, (2) RLU's claim for easement by estoppel because RLU has failed to demonstrate that establishment of an easement is necessary to prevent injustice and that RLU's reliance on its prior use to engage in commercial logging was

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

unreasonable, and (3) RLU's claim for abandonment to public use because RLU has failed to demonstrate continuous public use for the required ten year period.

A.   PRESCRIPTIVE EASEMENT

A party is entitled to a prescriptive easement when the party can demonstrate that the "'use of another's land was open, continuous, and adverse under a claim of right for a period of twenty years.'"[5] Pine Creek argues that RLU has failed to bring forth enough evidence upon which a reasonable jury could conclude that RLU has used the Bob Draper Road adversely for the required 20 year period. The Court finds, however, that based upon the testimony of Silvio Fassio and Bob Draper, a reasonable jury could conclude that RLU used the road from 1970 to 2004 under a claim of right to use that road. Silvio Fassio testified that he and his son always used the road and never asked permission of RLU to use the property. Bob Draper testified that while logging under contracts with RLU, he never asked permission to use the Bob Draper Road to access RLU's property and was never obstructed in his efforts.

In moving for judgment as a matter of law, Pine Creek argues that RLU's use was with permission, noting that the evidence at trial showed that both Silvio Fassio and Bob Draper were given keys to a gate, which was constructed by Pine Creek in the mid 1980s. Pine Creek argues that in light of this evidence of permissive use by RLU, no reasonable jury could find that RLU used the Bob Draper Road adversely from at least the mid-1980s. As the Court noted in its summary judgment order, however, Utah law distinguishes between use by acquiescence and use

---

[5]*Orton v. Carter*, 970 P.2d 1254, 1258 (Utah 1998) (quoting *Valcarce v. Fitzgerald*, 961 P.2d 301, 311 (Utah 1998)).

by permission.⁶ Such a determination is a factual dispute for the jury. Pine Creek may address this issue to the Jury during its closing arguments.

Based on the foregoing, the Court finds judgment as a matter of law inappropriate and will deny the motion as to RLU's claim for prescriptive easement.

B.      EASEMENT BY ESTOPPEL

As recognized by this Court in *Walker v. 300 S. Main, LLC*,⁷ Utah law recognizes a claim for easement by estoppel. As provided in the Restatement (Third) of Property:

> If injustice can be avoided only by establishment of a servitude, the owner or occupier of land is estopped to deny the existence of a servitude burdening the land when: (1) the owner or occupier permitted another to use that land under circumstances in which it was reasonable to foresee that the user would substantially change position believing that the permission would not be revoked, and the user did substantially change position in reasonable reliance on that belief . . . .⁸

Pine Creek argues that RLU has failed to bring forth enough evidence upon which a reasonable jury could find in RLU's favor that an easement is necessary to avoid injustice and that RLU's proposed use of the Bob Draper Road was reasonable in light of RLU's prior use. Pine Creek argues that evidence was shown that RLU had an alternate route to access its property and, under RLU's duty to mitigate its damages, had a duty to use this road and mitigate its losses. Further, Pine Creek argues that evidence was shown that RLU could have accepted Intermountain's offer of settlement and thereby significantly reduce its damages. Pine Creek

---

⁶*See* Docket No. 131, at 8-9.

⁷2008 WL 4862424 (D. Utah Nov. 7, 2008).

⁸Restatment (Third) of Property (Servitudes) § 2.10 (2000).

4

asserts that, in light of these failures, no reasonable jury could conclude that an easement is necessary to avoid injustice to RLU or that RLU's actions were reasonable.

The Court finds that, based upon the testimony of Silvio Fassio, Tom Fassio, Bob Draper, and Barry Draper, a reasonable jury could find that RLU's reliance was reasonable and that recognition of RLU's right to use the Bob Draper Road is necessary to avoid injustice. In reviewing these grounds for relief, the Court notes that Pine Creek is effectively asking this Court to make a factual determination in its favor. As made clear by Supreme Court precedent cited above, however, this Court is not to make such factual determinations in considering a Rule 50(a) motion for judgment as a matter of law. Pine Creek's ground for relief inappropriately asks this Court to weigh the evidence. Therefore, Pine Creek's motion for judgment as a matter of law will be denied as to RLU's claim of easement by estoppel.

C.  PUBLIC ROAD

Under Utah law, a road is considered "dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years."[9] Pine Creek argues that RLU has failed to carry its evidentiary burden on this claim and therefore Pine Creek is entitled to judgment as a matter of law.

The Court finds that RLU has carried its evidentiary burden on this claim. Based on the testimony of Silvio Fassio, Tom Fassio, Bob Draper, and Barry Draper, a reasonable jury could conclude that the Bob Draper Road is abandoned to public use through continuous use by the public for the statutory ten years. These individuals all testified of incidents where they

---

[9]Utah Code Ann. § 72-5-104(1).

witnessed the general pubic using the road for a variety of purposes. Therefore, the Court will allow the claim to proceed to the jury.

## II.  CONCLUSION

It is therefore

ORDERED that Pine Creek's Motion for Judgment as a Matter of Law Pursuant to Fed.R.Civ.P. 50(a) is DENIED.

DATED   January 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge