IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC., <br><br> Defendants, <br><br><br> vs. <br><br> PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION, <br><br> Third-Party Defendant. | MEMORANDUM DECISION AND ORDER DENYING THIRD-PARTY PLAINTIFF'S RULE 50 MOTION <br><br><br><br><br> Case No. 2:08-CV-80 TS |

In open court and outside the presence of the Jury, Third-Party Plaintiff Recreational Lands Unlimited, Inc. ("RLU") moved this Court for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). Upon hearing oral argument on the Motion, the Court took the matter under advisement and now issues the following ruling.

## I. DISCUSSION

Fed. R. Civ. P. 50(a) provides,

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party

    on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

RLU moves this Court for an entry of judgment as a matter of law in its favor on Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") defenses of waiver and mitigation of damages.

A.    WAIVER

In Utah, "[t]o constitute waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it."[5] Although it need not be explicitly

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

[5] *Soter's Inc v. Deseret Fed. Savings & Loan Ass'n*, 857 P.2d 935, 942 (Utah 1993)(quoting *Phoenix Inc. v. Heath*, 61 P.2d 308, 311-12 (Utah 1936)) (additional quotation marks and citation omitted).

made, "the intent to relinquish a right must be distinct."[6] To determine whether waiver has occurred, a fact finder is to consider "whether the totality of the circumstances warrants the inference of relinquishment."[7]

RLU asserts that the only basis for this defense is RLU's decision not to pursue a prior action filed in state court, which resulted in dismissal of that case. RLU argues that because this dismissal was without prejudice, no waiver occurred and therefore Pine Creek cannot prevail on this defense. RLU argues that this is a legal determination for the Court and therefore should not be submitted to the Jury.

The Court notes that RLU's argument appears to confuse the defense of waiver with the distinct doctrine of res judicata. RLU effectively argues that, because the prior action was dismissed without prejudice, RLU's claims are still justiciable. However, whether a claim is justiciable and whether a party has waived the right to pursue that claim are distinct determinations. While the Court agrees that the prior dismissal without prejudice does not bar RLU from pursuing these claims in this Court, a reasonable jury could find that RLU's decision not to pursue the prior state court action constituted a waiver of the claims asserted in that action. Therefore, the Court will allow this defense to be submitted to the Jury.

B.   MITIGATION OF DAMAGES

RLU argues that Pine Creek cannot prevail on its mitigation of damages defense and therefore RLU is entitled to judgment as a matter of law. RLU asserts that the evidence has shown that the decision whether to use an alternate route was not controlled by RLU, but rather

---

[6] *Id.*

[7] *Id.*

controlled by Intermountain Resources—a prior party to this action. Further, RLU argues that Pine Creek has failed to demonstrate the actual amount of damages that should be mitigated.

The Court disagrees with both grounds. As to RLU's contention that the decision whether to use the alternate road was wholly within the purview of Intermountain Resources, the Court finds that based on the testimony of Tom Fassio and Lenard Stull, a reasonable jury could conclude that RLU had significant input on the decision not to use an alternate road and that RLU had decision-making capability as to which road Intermountain was to use. Further, the Court finds that based upon the testimony of Keith Warenski, Bernd Wachtel, and Tom Fassio, a reasonable jury could conclude that RLU failed at the outset to ask permission of Pine Creek to use its property. For these reasons, the Court will deny this ground for relief.

As to RLU's assertion that Pine Creek has failed to demonstrate the actual amount of damages which should be mitigated, the Court finds that RLU has brought forth sufficient evidence upon which a reasonable jury can determine the amount of damages to be mitigated, if any. The Court will therefore allow the defense to be submitted to the Jury.

## II. CONCLUSION

It is therefore

ORDERED that RLU's Motion for Judgment as a Matter of Law Pursuant to Fed.R.Civ.P. 50(a) is DENIED.

DATED   January 18, 2011.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge