IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN RESOURCES, LLC, <br><br>Plaintiff, <br><br>vs. <br><br>J. NEAL JORGENSEN; DIANE JORGENSEN; and RECREATIONAL LANDS UNLIMITED, INC., <br><br>Defendants / Third-Party Plaintiffs, <br><br>vs. <br><br>PINE CREEK RANCH PROPERTY OWNERS ASSOCIATION, <br><br>Third-Party Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RLU'S MOTION FOR CLARIFICATION AND GRANTING RLU'S MOTION TO DISMISS <br><br><br><br>Case No. 2:08-CV-80 TS |

The Court has before it Third-Party Plaintiff Recreational Lands Unlimited, Inc.'s

("RLU") Motion for Clarification[1] and RLU's Motion for Dismissal of Claims by Intermountain

---

[1]Docket No. 242

Resources, LLC Against RLU.[2] Having considered the Motions, the Court issues the following Order.

## I. MOTION FOR CLARIFICATION

On January 19, 2011, the jury returned a verdict in favor of RLU on its claim for prescriptive easement over the portion of the Bob Draper Road which runs over Third-Party Defendant Pine Creek Ranch Property Owners Association's ("Pine Creek") property.[3] Prior to trial, the Court held that Utah law required the determination of whether the elements of a prescriptive easement have been met be submitted to the jury. Following the announcement of the jury's verdict in favor of RLU on its prescriptive easement claim, the Court ordered briefing on the scope of RLU's prescriptive easement and, shortly thereafter, issued its Memorandum Decision and Order on Scope of Prescriptive Easement on April 5, 2011 ("the April Order").[4]

In the April Order, the Court found that RLU's prescriptive easement was "limited to conveying no more than 150,000 board feet per year via the Bob Draper Road across Pine Creek's property and to using equipment no larger than that employed by the Drapers and related parties during the prescriptive period."[5] The Court further found that "the evidence at trial clearly established that RLU's prescriptive period includes RLU's historical usage of the Bob

---

[2]Docket No. 244.

[3]See Docket No. 234.

[4]Docket No. 241.

[5]Id. at 7.

Draper Road for hunting, recreation, sheepherding, property access, showing lots to prospective buyers, checking and maintaining utilities, and construction of cabins."[6]

RLU now moves the Court for clarification of certain aspects of the April Order. Specifically, RLU requests the Court find that the following equipment was used during the prescriptive period: (1) full-sized logging trucks, (2) caterpillars comparable to a "D8" for logging purposes, and (3) construction equipment ordinarily used for the construction of cabins, including caterpillars, backhoes, cement trucks, and equipment trucks.

The Court finds no need to clarify the April Order as to the use of full-sized logging trucks. In the April Order, the Court expressly noted that "the Drapers used an 80,000 pound, eighteen wheel logging truck" during the prescriptive period.[7] In that same Order, the Court held that RLU's prescriptive easement includes equipment employed by the Drapers during the prescriptive period.[8] The Court sees no need to extrapolate the connection between these two findings.

Similarly, the Court finds no need to clarify the April Order as to the particular kinds of construction equipment which may be used for cabin construction. In the April Order, the Court found that RLU's prescriptive easement includes RLU's historical use of the Bob Draper road for construction of cabins.[9] This holding necessarily includes any equipment traditionally used by RLU in cabin construction and no further clarification is necessary.

---

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.* at 7.

[9] *Id.* at 7.

The Court will, however, grant RLU's request for the Court to clarify the size of caterpillar which may be used under its prescriptive easement across Pine Creek's property. From the Court's review of the April Order, this aspect of RLU's easement was not discussed and an express finding by this Court will likely avoid future conflict among the parties.

At trial, the undisputed testimony of Barry Draper was that he, and related parties, used an International HD25 caterpillar, which is comparable in size to a D8 caterpillar.[10] Thus, as the Court has found that RLU's easement is limited to "using equipment no larger than that employed by the Drapers and related parties during the prescriptive period," the Court finds that RLU is limited to using caterpillars no larger than a D8.

## II.  MOTION TO DISMISS

RLU further moves the Court to dismiss all claims asserted by Intermountain Resources, LLC against RLU because such claims have been previously settled by the parties. The Court will, therefore, grant RLU's Motion to Dismiss, with each party to bear its own costs and attorney's fees.

## III.  CONCLUSION

It is therefore

ORDERED that RLU's Motion for Clarification (Docket No. 242) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that RLU's Motion to Dismiss (Docket No. 244) is GRANTED.

---

[10]In its response, Pine Creek disputes whether an International HD25 is actually the equivalent of a D8, but this issue was not disputed at trial and the Court, therefore, will accept Mr. Draper's testimony.

4

DATED   July 13, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge